**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| LLOYA ALEXIS STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-233 |
| | ) | |
| LULULEMON, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Lloya Alexis Stevens has filed an Amended Complaint alleging that she was discriminated against based on her race and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") and retaliated against for complaints about the discriminatory behavior. *See generally* doc. 6. The Court previously granted her leave to proceed *in forma pauperis*. Doc. 5. Because her original Complaint did not include any specific factual allegations, the Court directed her to submit an Amended Complaint. *See id.* at 2-3. She complied. Doc. 6. The Court, therefore, proceeds to screen her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Stevens alleges that she began her employment at a Savannah, Georgia Lululemon store in January 2023. Doc. 6 at 8. She alleges that she is African American and suffers from several mental health

conditions. *See id.* at 4, 8. In March 2024, she applied for a promotion to a full-time manager position. *Id.* at 8. She did not receive the promotion. *Id.* Instead, the position was staffed by two White employees who had not been employed at the Savannah location as long as Stevens. *Id.* She alleges that a store manager, Jenny Davis, informed her that she was ineligible for an accommodation to the store's attendance policy because accommodations were reserved for "physical disabilities." *Id.* She also alleges that notice provisions concerning attendance policies were applied differently to White employees. *Id.* at 8-9. She complained to several supervisory employees about the attendance policy in April 2024. *Id.* at 9. She, again, requested unspecified accommodations. *Id.* She "reported the discriminatory acts performed by the management team to HR," in May 2024. *Id.* Late in May 2024, she, again, discussed accommodations to the attendance policy and was told that no accommodation was available.[1] *Id.* at 9-10. In June, Stevens was

---

[1] Stevens' allegations concerning her interaction with supervisory employees in May 2024 are somewhat ambiguous. She previously alleged that she was denied an accommodation to the attendance policy. Doc. 1 at 8. However, in her allegations concerning the May 2024 dispute, she states that she was told the store was "no longer able to excuse [her] late arrival," *id.* at 9, which implies that some accommodation had been in place. The ambiguity does not affect the Court's conclusion that Stevens' claim is sufficient to survive screening.

disciplined for a conversation at a staff meeting involving observation of "Pride Month" and the Juneteenth holiday that were described as "not inclusive." *Id.* at 10. On June 14, 2024, she was terminated when she arrived for work for violation of the attendance policy. *Id.* Her Amended Complaint alleges that she exhausted her administrative remedies with the Equal Employment Opportunity Commission and received a "right-to-sue" letter on September 18, 2024. *Id.* at 5.

Before the Court considers whether Stevens has stated a Title VII or ADA claim against her employer Lululemon, her claims against her individual managers and supervisors, Tony Rodnicki, Sue McLea, and Jenny Davis, should be dismissed. Neither Title VII nor the ADA provides for individual liability at all. *See, e.g., Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) (affirming dismissal of individual defendants "because both Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities."). Accordingly, Stevens' claims against the individual defendants should be **DISMISSED**.

Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-

2(a)(1).  To plead a prima facie case of racial discrimination, a plaintiff must allege facts showing: (1) she belongs to a protected class; (2) she was qualified to do a job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside of her class more favorably.  *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also Hudson v. Middle Flint Behavioral Healthcare*, 522 F. App'x 594, 596 (11th Cir. 2013) ("In order to establish a *prima facie* case for discriminatory termination under Title VII . . . the plaintiff may show that she (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class[,]" or "that her employer treated similarly situated employees outside of her class more favorably.").  Retaliation claims under Title VII require that (1) plaintiff was engaged in protected activity, (2) plaintiff was subjected to an adverse action, and (3) there exists a causal link between the protected act and the adverse employment action.  *See Shannon v. BellSouth Telecomms.*, 292 F.3d 712, 715 (11th Cir. 2002).

The ADA prohibits covered entities from discriminating "against a qualified individual on the basis of disability in regard to job application

procedures, the hiring, advancement or discharge of employees . . . ." 42 U.S.C. § 12112(a). To plead a discrimination claim, a plaintiff must allege "he (1) is disabled, (2) is a 'qualified' individual, and (3) was subjected to unlawful discrimination because of his disability. A qualified individual is someone who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Middlebrooks v. Swift Transp. Co.*, 2022 WL 4543168, at *3 (M.D. Ga. Sept. 28, 2022) (internal citation, quotations, and alteration omitted). "An employer's failure to make reasonable accommodation for an otherwise qualified disabled employee constitutes discrimination under the ADA[.]" *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225-26 (11th Cir. 2005); *see also Anderson v. Embarq/Spirit*, 379 F. App'x. 924, 927 (11th Cir. 2010) ("An employer impermissibly discriminates against a qualified individual when the employer does not reasonably accommodate the individual's disability." (citing 42 U.S.C. § 12112(b)(5)(A))). The ADA also prohibits retaliation against an employee for opposing prohibited conduct. *See, e.g.,* 42 U.S.C. § 12203(a). "To establish a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in statutorily protected

expression; (2) that she suffered an adverse employment action; and (3) that there was a causal link between the adverse action and the protected expression." *Stevens v. S. Nuclear Operating Co., Inc.*, 209 F. Supp. 3d 1372, 1381 (S.D. Ga. 2016).

The Court is satisfied that Stevens has pleaded sufficient facts to warrant service of her claims on Lululemon. There are sufficient allegations in her Amended Complaint to allege, for screening purposes only, that she is a member of a protected class and that she suffers from a disability, is qualified for her job, and that other employees outside of her protected class were more favorably treated and that she was refused an accommodation. The allegations of protected activity and a causal link between that activity and adverse employment actions are also sufficient, for screening purposes. To be absolutely clear, however, the Court's determination that Stevens' Amended Complaint is sufficient for service does not, in any way, express an opinion on the merits of those claims.

Since Stevens has been authorized to proceed *in forma pauperis*, she is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves her Title VII and ADA discrimination

and retaliation claims for service, a summons, a copy of her Complaint, doc. 1, her Amended Complaint, doc. 6, and this Order and Report and Recommendation, shall be served by the United States Marshal upon Defendant Lululemon without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. Some defendants have a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver might bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in her address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.  *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Plaintiff has the responsibility for maintaining her own records of the case.  If Plaintiff loses papers and needs new copies, she may obtain

them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press her case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit her deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file her own version of the Proposed Pretrial Order.

# <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that she does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That

burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if she wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of November, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA