IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LLOYA ALEXIS STEVENS,<br><br>  Plaintiff,<br><br>  v.<br><br>LULULEMON,<br><br>  Defendant. | CIVIL ACTION NO.: 4:24-cv-233 |

### O R D E R

This matter is before the Court due to Plaintiff's failure to respond to the Court's Order requiring her to show cause why this case should not be dismissed for her failure to file a response to a pending motion (particularly after having been ordered to do so by the Court), (see doc. 17), and for her failure to take any kind of action in the case for months. Given Plaintiff's failure to respond to the show cause Order, her failure to prosecute this case for almost eight months now, and her repeated and willful disregard of this Court's instructions, the Court **DISMISSES** this action **WITH PREJUDICE**.

### BACKGROUND

Previously, upon observing that Plaintiff had failed to file a response to Defendant's "Motion to Compel Arbitration, Motion to Dismiss and, in the Alternative, Motion to Stay" in the three months that had passed since its filing, the Court ordered Plaintiff, who is proceeding *pro se*, to file a response within 28 days. (Doc. 17.) Six weeks later, when Plaintiff had failed to file anything in response, the Court issued a new Order, admonishing Plaintiff for her failure to comply with the prior Order and for her general neglect of the case, "noting that [her overall neglect]

strongly suggests that she no longer wishes to participate in this lawsuit." (Doc. 18, p. 2.) The Court explained that it has power under the Federal Rules of Civil Procedure as well as inherent authority to dismiss—with or without prejudice—a plaintiff's claims where she has failed to prosecute them and failed to comply with a court order. (Id. at pp. 1–2.) Accordingly, the Court ordered her to show cause, within fourteen days, why it should not dismiss all of her claims for her failure to comply with the prior Order and failure to prosecute this action. (Id.) The Court explicitly warned that, "[s]hould Plaintiff fail to show [such] cause, the Court will dismiss all of the claims asserted against Defendant." (Id. at p. 2.) Plaintiff has entirely failed to take any action in this case in the weeks following that Order.

## DISCUSSION

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. S.D. Ga. L.R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff on multiple occasions of the consequences of her failure to comply with this Court's orders and failure to prosecute this case.

2

on] willful disobedience or neglect of any order of the Court."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action with prejudice is warranted. More than fourteen days have passed since the Court's latest directive, and Plaintiff has once again neglected to take any action in response to the Court's Order and the directives contained therein. As laid out above and in the Court's prior Orders, Plaintiff has inexcusably delayed the prosecution of this action. The Court has given Plaintiff numerous opportunities to remedy her failure to prosecute, and in response Plaintiff has shown willful contempt of the Court's directives. Particularly considering the numerous opportunities the Court has given Plaintiff to prosecute this action, no sanction less severe than dismissal with prejudice would suffice to remedy Plaintiff's record of delay and willful contempt. If Plaintiff were permitted to refile this action, Plaintiff would be rewarded for her repeated failure to abide by this Court's directives.

**CONCLUSION**

For the reasons set forth above, the Court **DISMISSES** this action **WITH PREJUDICE**. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 23rd day of June, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA